# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:08-CR-0260-PMP-PAL |
| ) | 2:10-CV-01426-PMP |
| Plaintiff/Respondent, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| MICHAEL DWAYNE MILES, ) | |
| ) | |
| Defendants/Movant. ) | |

Before the Court for consideration is Defendant Michael Miles' Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255 (Doc. #43), filed on August 23, 2010. The Court having read and considered Defendant Miles' motion, together with the Government's Response in Opposition thereto (Doc. #47) filed September 24, 2010, and their being no reply thereto filed on behalf of Defendant Miles, and good cause appearing,

The Court finds that Defendant Michael Miles' Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255 (Doc. #43) must be denied.

Specifically, with regard to the four claims of infective assistance of counsel raised in his Section 2255 Motion, Defendant Miles fails to demonstrate the representation provided by his counsel fell below an objective standard of reasonableness, and that but for errors by his counsel, Miles would not have pled

guilty to the charge of Receipt of Child Pornography in violation of Title 18 U.S.C. § 2252 A(a)(2). The standards for review of claims of infective assistance of counsel under Strickland v. Washington, 466 U.S. 668, (1984) are clear, and in each case turn upon the particular facts presented. Here, the Court concurs with the Government's argument that Miles' counsel negotiated a favorable plea agreement and the colloquy between Defendant Miles and the Court on May 13, 2009, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, establish clearly that Defendant Miles' plea of guilty was freely and voluntary given, and offered with a full understanding of the potential consequences as well as the important constitutional rights which he was waving.

Nothing in the record supports Defendant Miles that the conduct of his counsel fell outside the range of reasonable representation.

**IT IS THEREFORE ORDERED that** Defendant Michael Miles' Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody 28 U.S.C. § 2255 (Doc. #43) is **DENIED**.

DATED: October 8, 2010.

PHILIP M. PRO
United States District Judge